United States District Court
Southern District of Texas
**ENTERED**
March 13, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE GUAJARDO, JR., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-71-570 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

State inmate Michael Garrett (TDCJ #697364) has filed two motions for a "show cause proceeding" in this prisoner class action case, which involved the correspondence rules for inmate mail in the Texas prison system and resulted in a consent decree that was approved over three decades ago. *See Guajardo v. Estelle*, 5568 F. Supp. 1354 (S.D. Tex. 1983). Garrett alleges that the Texas Department of Criminal Justice is violating the consent decree and the First Amendment of the United States Constitution by restricting the number of envelopes and postage available to indigent offenders, which has hampered his ability to communicate with family and friends. He seeks injunctive relief and a finding of contempt for violations of the consent decree. Garrett's motions (Docket Entry Nos. 1121 and 1122) are denied for reasons set forth briefly below.

This case has been closed since September 20, 2002, when this court terminated the consent decree. The Fifth Circuit affirmed that decision and the Supreme Court denied further review. *See Guajardo v. Texas Dep't of Crim. Justice*, 363 F.3d 392 (5th Cir.), *cert. denied*, 543 U.S. 818 (2004). Because the consent decree has been terminated, it no longer provides any basis for a finding of injunctive relief or contempt of the sort sought by Garrett.

To the extent that Garrett seeks relief for violations of his civil rights, he must pursue

a separate civil action, which would be governed by 42 U.S.C. § 1983 and subject to restrictions imposed by the Prison Litigation Reform Act ("PLRA"). Under the PLRA's "three-strikes" rule, a prisoner is not allowed to bring a civil action or appeal without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court notes that Garrett is barred by § 1915(g) from proceeding *in forma pauperis* because at least three of his previous prisoner actions have been dismissed as frivolous: (1) *Garrett v. Williams et al.*, Civil No. 4:95-0295 (E.D. Tex. Jan. 4, 1996); (2) *Garrett v. Vance, et al.*, Civil No. 3:96-1196 (N.D. Tex. July 2, 1996); (3) *Garrett v. Denton County Sheriff's Dep't*, Civil No. 4:96-0278 (E.D. Tex. Oct. 15, 1996). Garrett may not circumvent the three-strikes rule by attempting to resurrect a closed class action.

Accordingly, it is **ORDERED** that the motions filed by Michael Garrett (Docket Entry Nos. 1121 and 1122) are **DENIED**.

SIGNED on March 13, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge